No. 2641.—STEPHEN DUNCAN v. GERARD BRANDON et al.

Where judgment has been obtained against the defendant, with recognition of the mortgage on the property specially hypothecated, a devolutive appeal will not suspend execution thereon, nor will the fact that a devolutive appeal is pending prevent the plaintiff, as a judgment creditor, from bringing a direct action to annul and set aside a simulated transfer of other real estate, alleged to have been made by the defendant to his children.

APPEAL from the District Court, parish of Concordia. *Hough*, J. *Farrar & Reeves* and *May & Spencer*, for plaintiff and appellant. *A. N. Ogden*, for defendants and appellees.

HOWE, J. The plaintiff having obtained a judgment against Gerard Brandon for a large sum, which likewise made executory a mortgage given upon a plantation as security for the debt, caused the plantation to be sold, and realized a portion of the claim, leaving a balance due him, however, of about $30,000.

The defendant, Brandon, took a devolutive appeal from this judgment.

The plaintiff then instituted this action to set aside, as simulated and absolutely null and void, a transfer of other real estate, alleged to have been made by the defendant, Brandon, to his children. He averred himself to be a creditor as above stated.

The defendants filed their exception that the action was premature, inasmuch as the defendant, Brandon, had taken a devolutive appeal from the judgment in favor of plaintiff. The court maintained the exception and dismissed the suit, and the plaintiff has appealed.

The plaintiff sues in virtue of his relation as a creditor. His judgment is the highest evidence of that relation. The devolutive appeal taken by Brandon did not stay its execution by the seizure and sale of Brandon's property, and we are unable to perceive on what principle it should suspend the right of plaintiff, by such an action as the present, to prepare the way for a seizure and sale, by sweeping away what is alleged to be a simulated transfer, a *corpus sine anima*, which casts a shadow on the title of the judgment debtor.

It is, therefore, ordered that the judgment appealed from be avoided and reversed, and the cause remanded to be further proceeded with according to law, the appellees to pay the costs of the appeal.

Rehearing refused.